IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DARON DELREN TRENT,

               Plaintiff,

    v.

ELIZABETH DIBENEDETTO and
RONALD RIGGINS,

               Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 14-3190 (JBS/KMW)

**MEMORANDUM OPINION**

**SIMANDLE, Chief Judge:**

In this action, <u>pro</u> <u>se</u> Plaintiff Daron Delren Trent (hereinafter, "Plaintiff") generally alleges that Defendants Elizabeth DiBenedetto and Ronald Riggins (hereinafter, "Defendants") violated Plaintiff's due process rights in connection with a prison disciplinary hearing by denying him the right to confront witnesses. (<u>See</u> <u>generally</u> Pl.'s Compl. [Docket Item 1].) Because Plaintiff seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u>, the Court has an obligation to screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

1. Because Plaintiff's application reflects that he is indigent, the Court will, pursuant to 28 U.S.C. § 1915, permit the Complaint to be filed without prepayment of fees, and will direct the Clerk of Court to file the Complaint.

2.   Section 1915(e)(2)(B), however, requires the Court to screen Plaintiff's Complaint and to dismiss any frivolous or malicious claim, any claim that fails to state a ground upon which relief may be granted, and/or any claim that seeks monetary damages from a defendant with immunity.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3.   In determining the sufficiency of a pro se complaint, as here, the Court must liberally construe the allegations in favor of the plaintiff, and generally accepts as true all factual allegations.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court may, however, freely ignore the plaintiff's "legal conclusions" and need not credit a pleading that offers little more than "labels and conclusions or a formulaic recitation of the elements of a cause of action[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted).  Rather, the plaintiff's factual allegations must be facially sufficient to demonstrate a "plausible" right to relief, by pleading factual content sufficient for the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

4.   Plaintiff, an inmate serving a state sentence for aggravated assault, alleges that, on February 6, 2013, he

received a "disciplinary infraction" for misuse of authorized medication.  (Pl.'s Compl. at 5.)  In connection with the adjudication of such infraction on February 13, 2013, however, Plaintiff alleges that the disciplinary hearing officer, Defendant Elizabeth DiBenedetto (hereinafter, "DiBenedetto"), denied Plaintiff's request for confrontation, and found Plaintiff guilt of the disciplinary charge.  (Id.)  Plaintiff filed an administrative appeal of Defendant DiBenedetto's decision, but the associate administrator of the correctional facility, Defendant Ronald Riggins (hereinafter, "Riggins"), affirmed, finding "no violation of standards or misinterpretation of facts." (Id. at 6.)

5.    Plaintiff then filed an appeal with the New Jersey Appellate Division.  (Id.)  The New Jersey Appellate Division, however, found that Defendant DiBenedetto "mistakenly exercised her discretion and failed to honor" Plaintiff's "limited due process rights" under New Jersey's constitution by failing to afford Plaintiff a right of confrontation.  Trent v. N.J. Dep't of Corrs., No. A-3310-12T2, 2014 WL 1239245, at *2-*3 (N.J. Super. Ct. App. Div. Mar. 27, 2014).  The Trent court, accordingly, remanded for an additional disciplinary hearing, and directed that Plaintiff be provided a right of confrontation.  Id.

6.    In this federal action, Plaintiff argues that Defendants collusively participated in a scheme to violate his "procedural due process rights," and asserts that the New Jersey Appellate Division's decision confirms the intentional nature of Defendants' acts.  (Pl.'s Compl. at 6.)  Plaintiff, accordingly, seeks monetary damages under 42 U.S.C. § 1983 for the alleged constitutional deprivations.  (Id.)

7.    Section 1983 generally provides a federal cause of action against any person who, "under color of" state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983.  Consequently, in order to prevail under 42 U.S.C. § 1983, a plaintiff must prove that he: (a) suffered the deprivation of a right secured by the United States Constitution or federal law, (b) by a person acting under color of state law.  Collins v. City of Harker Heights, Tx., 503 U.S. 115, 119–20 (1992); Morrow v. Balaski, 719 F.3d 160, 165–66 (3d Cir. 2013) (citation omitted).

8.    42 U.S.C. § 1983, accordingly, only provides a vehicle for vindicating rights secured by the federal Constitution or federal law.  City of Monterey v. Del Monte Dunes, 526 U.S. 687, 749 n.9 (1999).  Nevertheless, Plaintiff's Complaint solely relies upon the New Jersey constitution, to the extent such

4

constitution affords a limited due process right of confrontation in prison disciplinary hearings.  <u>Trent</u>, 2014 WL 1239245, at *2-*3.  The federal Constitution, by contrast, does not require a right of confrontation in connection with such proceedings.

9.   Notably, while prisoners retain certain basic constitutional rights, including procedural due process protections, an inmate's rights may, under the federal Constitution, be curtailed in connection with prison disciplinary hearings. <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556-57 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."); <u>Young v. Kann</u>, 926 F.2d 1396, 1399 (3d Cir. 1991).  Indeed, a prison disciplinary hearing satisfies federal due process if the prison provides the inmate with: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied upon and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and present documentary evidence in his defense when doing so will not be unduly hazardous to institutional safety or correctional goals.  <u>See</u> <u>Superintendent</u> <u>v. Hill</u>, 472 U.S. 445, 454 (1984) (citing <u>Wolff</u>, 418 U.S. at

563–64); <u>Griffin v. Spratt</u>, 969 F.2d 16, 19–20 (3d Cir. 1992).

In essence, an inmate facing disciplinary charges "must have an

opportunity to marshal the facts and prepare a defense." <u>Young</u>

<u>v. Kahn</u>, 926 F.2d 1396, 1399 (3d Cir. 1991) (citation omitted);

<u>see also</u> <u>Wolff</u>, 418 U.S. at 564 (notice of charge must be given

to inmate "to enable him to marshal facts and prepare a

defense").

10.  In this case, Plaintiff does not allege a deprivation

of these federal due process requirements.  Indeed, Plaintiff

does not allege that he failed to receive proper notice of the

disciplinary hearing; that Defendant DiBenedetto failed to

provide a written statement of the evidence relied upon in

finding Plaintiff guilty of the disciplinary fraction; nor that

Defendant DiBenedetto prohibited him from presenting evidence in

support of his defense.  (<u>See</u> Pl.'s Compl. 5-6.) Rather,

Plaintiff only challenges the disciplinary hearing to the extent

Defendant DiBenedetto denied his request to confront adverse

witnesses. (<u>Id.</u>)  Though the federal Constitution requires

Plaintiff be provided the opportunity to prepare a defense, such

opportunity does not, however, translate into an unfettered

right to confront and cross-examine adverse witnesses.  <u>See</u>

<u>Wolff</u>, 418 U.S. at 566.  To the contrary, "there is no [federal]

constitutional requirement that prison authorities permit a

prisoner to confront and cross-examine adverse witnesses."

Griffin v. Spratt, 768 F. Supp. 153, 158 (E.D. Pa. 1991), rev'd
in part, 969 F.2d 161 (3d Cir. 1992); Wolff, 418 U.S. at 567-58;
Baxter v. Palmigiano, 425 U.S. 308, 321-22 (1976) (noting that
the decision to permit an inmate to confront and cross-examine
witnesses at a disciplinary hearing rests within the sound
discretion of state prison official); Young, 926 F.2d at 1404
(noting that there is no "absolute right to confront and cross-
examine witnesses at a prison disciplinary hearing") (citations
omitted).  Consequently, because Plaintiff's Complaint only
challenges the denial of a purported federal right to
confrontation, Plaintiff's Complaint fails to state a cognizable
claim for relief under 42 U.S.C. § 1983.  The Court will,
accordingly, dismiss Plaintiff's Complaint pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a
claim.  See Jones v. Carroll, No. 07-791, 2008 WL 1743349, at *4
(D. Del. Apr. 16, 2008) (finding the denial of a right to
confront witnesses in a disciplinary hearing insufficient to
state a cognizable claim under 42 U.S.C. § 1983); Kwanzaa v.
Brown, No. 05-5976, 2006 WL 2403978, at *17-*18 (D.N.J. Aug. 17,
2007) (same); Boone v. Brown, No. 05-750, 2005 WL 2006997, at
*11 (D.N.J. Aug. 22, 2005) (same).

     11.  The dismissal, however, will be without prejudice to
Plaintiff's right to file a motion to amend, accompanied, in
accordance with Local Civil Rule 7.1(f), by a proposed Amended

7

Complaint.  The proposed Amended Complaint, if any, must identify, with specificity, (1) whether Plaintiff received written notice of the disciplinary charges and, if so, within what time frame; (2) whether Plaintiff received a written statement from the disciplinary officer concerning the basis for the disciplinary action; and (3) whether the disciplinary officer otherwise afforded Plaintiff the opportunity to call witnesses and to present documentary evidence.  Absent such assertions, bolstered by appropriate factual support, Plaintiff's proposed Amended Complaint would fail to state a claim upon which relief may be granted.

    12.  An accompanying Order will be entered.


**December 17, 2014**
Date

        **s/ Jerome B. Simandle**
        JEROME B. SIMANDLE
        Chief U.S. District Judge